UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATAMOUNT PROPERTIES 2018, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>PAUL M. LUCORE,<br><br>                              Defendant. | Case No.:  21cv595-L-MDD<br><br>**ORDER REMANDING ACTION TO STATE COURT** |

Defendant removed this unlawful detainer action from State court pursuant to 28 U.S.C. §§1331, 1443(1), and 1441.  For the reasons stated below, the action is remanded.

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution or statute, which is not to be expanded by judicial decree.  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).[1]  Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The burden of establishing

---

[1]   Unless otherwise noted, internal quotation marks, ellipses, brackets, citations, and footnotes are omitted from all quotations.

1  removal jurisdiction is on the removing party.  *See Abrego Abrego v. The Dow Chem.*
2  *Co.*, 443 F.3d 676, 682-85 (9th Cir. 2006).

3    "[A]ny civil action brought in a State court of which the district courts of the
4  United States have original jurisdiction, may be removed . . .." 28 U.S.C. § 1441(a).
5  Defendant bases removal on federal question jurisdiction under 28 U.S.C. §1331, which
6  confers "original jurisdiction of all civil actions arising under the Constitution, laws, or
7  treaties of the United States," and on 28 U.S.C. § 1443(1), which allows for removal
8  when a defendant in State court "is denied or cannot enforce in the courts of such State a
9  right under any law providing for the equal civil rights of citizens of the United States, or
10 of all persons within the jurisdiction thereof."

11   Defendant claims removal is proper because he is being denied his due process and
12 equal protection rights through Plaintiff's prosecution of the unlawful detainer action.
13 Removal is proper when a federal question appears on the face of a well-pleaded
14 complaint:

> [T]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.  A defense is not part of a plaintiff's properly pleaded statement of his or her claim.  Thus, a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.

21 *Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 475 (1998); *see also Takeda v. NW*
22 *Nat. Life Ins. Co.*, 765 F.2d 815, 821-22 (9th Cir. 1985) (removability cannot be created
23 by defendant pleading a counterclaim presenting a federal question).  Here, removal is
24 based on procedural and substantive arguments Defendant can raise in State court.  No
25 federal question appears on the face of the unlawful detainer complaint.  Furthermore,
26 Defendant has not shown the State court is not able to protect his constitutional rights to
27 equal protection and due process.
28 / / / / /

Accordingly, Defendant has not met his burden as the removing party to establish removal jurisdiction. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). This action is **REMANDED** to the Superior Court for the State of California, County of San Diego.

**IT IS SO ORDERED.**

Dated:  April 28, 2021

_____
Hon. M. James Lorenz
United States District Judge